```
                                 United States Bankruptcy Court
                                 Middle District of Pennsylvania
In re:                                                                                  Case No. 18-02961-RNO
Patrick J. Wolf                                                                         Chapter 13
Mackenzie L. Wolf
         Debtors                                CERTIFICATE OF NOTICE
District/off: 0314-1           User: AGarner                Page 1 of 2                 Date Rcvd: Sep 24, 2018
                               Form ID: pdf002              Total Noticed: 49


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 26, 2018.
db/jdb         +Patrick J. Wolf,    Mackenzie L. Wolf,    221 Creekwood Drive,    York, PA 17407-1122
5084977         1st Premier Bank,    PO Box 5524,   Sioux Falls, SD 57117-5524
5084979         American Coradius International LLC,    35 A Rust Lane,    Boerne, TX 78006-8202
5084980         Apothaker Scian P.C,    520 Fellowship Road, Suite C306,    PO BOx 5496,
                 Mount Laurel, NJ 08054-5496
5084982        +Asset Recovery Solutions LLC,    2200 E Devon Ave,   Suite 200,    Des Plaines, IL 60018-4501
5084983        ++BANK OF AMERICA,    PO BOX 982238,   EL PASO TX 79998-2238
                (address filed with court: Bank of America,     PO Box 982235,    El Paso, TX 79998)
5084984         Best Buy,   2685 Concord Road,    York, PA 17402
5084986         Boscovs,   PO Box 71106,    Charlotte, NC 28272-1106
5084988        +CBCS,   PO Box 2589,   Columbus, OH 43216-2589
5084989        ++CITIBANK,    PO BOX 790034,    ST LOUIS MO 63179-0034
                (address filed with court: Citi Cards,    PO Box 183071,    Columbus, OH 43218-3071)
5105989         Capital One, N.A.,    c/o Becket and Lee LLP,   PO Box 3001,    Malvern PA 19355-0701
5084987         Cardmember Services,    PO Box 15548,   Wilmington, DE 19886-5548
5084990        +Client Services,    3451 Harry S Truman Blvd,   Saint Charles, MO 63301-9816
5084991        +Convergent,   800 SW 39th Street,    PO Box 9004,   Renton, WA 98057-9004
5084995        +Disney Chase,    Chase Card Services,   PO Box 15298,    Wilmington, DE 19850-5298
5084996        +GM Card Capital One,    PO Box 30285,   Salt Lake City, UT 84130-0285
5085002        +National Recovery,    PO Box 67015,   Harrisburg, PA 17106-7015
5092010        +Nationstar Mortgage LLC d/b/a Mr. Cooper,    P.O. Box 619096,    Dallas, TX 75261-9096
5085003         Nationwide Credit Inc,    PO Box 26314,   Lehigh Valley, PA 18002-6314
5085004        +North Shore Agency,    270 Spagnoli Road,   Suite 110,    Melville, NY 11747-3515
5085005        +Northstar Location Services LLC,    4285 Genesee Street,    Buffalo, NY 14225-1943
5085007         PNC Mortgage,    PO Box 6534,   Carol Stream, IL 60197-6534
5085008        ++PORTFOLIO RECOVERY ASSOCIATES LLC,    PO BOX 41067,   NORFOLK VA 23541-1067
                (address filed with court: Portfolio Recovery,     PO Box 12903,    Norfolk, VA 23541)
5085006         Penn Credit,    916 S 14th Street,   PO Box 988,   Harrisburg, PA 17108-0988
5085010        +RLG,    409 Lackawanna Ave,    Suite 320,   Scranton, PA 18503-2062
5091916        +Southwestern Investor Group LLC,    Pharus Funding LLC,    10751 N Frank Lloyd Wright Blvd,
                 Ste. #20,   Scottsdale, AZ 85259-2671
5085012        +Sunrise Credit Services, Inc.,    PO Box 9100,   Farmingdale, NY 11735-9100
5085013        +Susquehanna Bank,    9 E Main Street,   3001 Lititz Pike,    Lititz, PA 17543-9414
5085015        +USAA,   USAA Savings Bank,    PO Box 14050,   Las Vegas, NV 89114-4050
5085019        +York County Tax Bureau,    28 East Market Street,   Suite 110,    York, PA 17401-1587

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5084981        +E-mail/Text: legal@arsnational.com Sep 24 2018 19:20:54     ARS National Services, Inc.,
                 PO Box 463023,   Escondido, CA 92046-3023
5084978         E-mail/Text: bnc@alltran.com Sep 24 2018 19:20:41     Alltran Financial LP,   PO Box 722929,
                 Houston, TX 77272-2929
5084985         E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 24 2018 19:20:56     Bon Ton,   Comenity Bank,
                 PO Box 182273,   Columbus, OH 43218-2273
5108455        +E-mail/Text: bankruptcy@cavps.com Sep 24 2018 19:21:27     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,    Valhalla, NY 10595-2321
5084992        +E-mail/Text: kzoepfel@credit-control.com Sep 24 2018 19:21:16     Credit Control LLC,
                 5757 Phantom Drive,    Suite 330,   Hazelwood, MO 63042-2429
5084993         E-mail/PDF: creditonebknotifications@resurgent.com Sep 24 2018 19:33:52     Credit One Bank,
                 PO Box 98873,   Las Vegas, NV 89193-8873
5084994         E-mail/Text: mrdiscen@discover.com Sep 24 2018 19:20:39     Discover,   PO Box 15316,
                 Wilmington, DE 19850
5084997         E-mail/PDF: gecsedi@recoverycorp.com Sep 24 2018 19:34:37     JC Penney Gold,   PO Box 960090,
                 Orlando, FL 32896-0090
5084998         E-mail/Text: JCAP_BNC_Notices@jcap.com Sep 24 2018 19:21:23     Jefferson Capital Systems, LLC,
                 16 McLeland Road,    Saint Cloud, MN 56303
5084999        +E-mail/Text: bnckohlsnotices@becket-lee.com Sep 24 2018 19:20:42     Kohls,   PO Box 3115,
                 Milwaukee, WI 53201-3115
5102321         E-mail/PDF: resurgentbknotifications@resurgent.com Sep 24 2018 19:33:56
                 LVNV Funding LLC C/O Resurgent Capital Services,     P.O. Box 10675,   Greenville, SC 29603-0675
5085000        +E-mail/PDF: gecsedi@recoverycorp.com Sep 24 2018 19:34:09     Lowes,   PO Box 1111,
                 North Wilkesboro, NC 28659-1111
5085001         E-mail/Text: bankruptcydpt@mcmcg.com Sep 24 2018 19:21:13     Midland Credit Management, Inc.,
                 PO Box 60578,   Los Angeles, CA 90060-0578
5085009         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 24 2018 19:34:14
                 Portfolio Recovery Associates,    PO Box 12914,   Norfolk, VA 23541-1223
5085364        +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Sep 24 2018 19:33:46
                 PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
5085011        +E-mail/Text: appebnmailbox@sprint.com Sep 24 2018 19:21:12     Sprint,   PO Box 105243,
                 Atlanta, GA 30348-5243
5085014         E-mail/PDF: gecsedi@recoverycorp.com Sep 24 2018 19:33:42     Toys R Us,
                 GE Capital Retail Bank,    PO Box 960061,   Orlando, FL 32896-0061
5085017        +E-mail/Text: bkr@virtuososourcing.com Sep 24 2018 19:21:46     Virtuoso Sourcing Group,
                 4500 Cherry Creek South Drive,    Suite 500,   Denver, CO 80246-1500
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
5085018          +E-mail/Text: kcm@yatb.com Sep 24 2018 19:20:39      York Adams Tax Bureau,   1405 N Duke Street,
                   York, PA 17404-2125
                                                                                                 TOTAL: 19

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*              +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5085016        ##+Van Ru Credit Corporation,    PO Box 2751,    Des Plaines, IL 60017-2751
                                                                                                 TOTALS: 0, * 1, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 26, 2018                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 24, 2018 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com, TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor   Nationstar Mortgage LLC d/b/a Mr. Cooper
               bkgroup@kmllawgroup.com
              Paul G Lutz    on behalf of Debtor 1 Patrick J. Wolf plutz@gslsc.com, r65363@notify.bestcase.com
              Paul G Lutz    on behalf of Debtor 2 Mackenzie L. Wolf plutz@gslsc.com, r65363@notify.bestcase.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                                 TOTAL: 5
```

Rev. 12/01/17

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | CHAPTER 13 |
|---|---|
| Patrick J. Wolf<br>Mackenzie L. Wolf | CASE NO. 1-18-bk-02961 |
| | ✔ ORIGINAL PLAN<br>___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br>___ Number of Motions to Avoid Liens<br>___ Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ☑ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $ 0.00_____ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make

1

conduit payments through the Trustee as set forth below. The total base plan is $ 56,100.00 _____, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 09/2018 | 08/2023 | 935.00 | | 935.00 | 56,100.00 |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | 56,100.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE:  (  ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

( ✓ ) Debtor is over median income. Debtor calculates that a minimum of $ 0.00 _____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 0.00 _____.
(Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

✓  No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

___  Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of

2

property known and designated as _____
_____. All sales shall be completed by
_____, 20\_\_\_. If the property does not sell by the date
specified, then the disposition of the property shall be as follows:
_____.

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

\_\_\_ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

\_\_\_ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✔ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

3

Case 1:18-bk-02961-RNO    Doc 16    Filed 08/21/18    Entered 08/21/18 15:08:26    Desc
Main Document    Page 3 of 11
Case 1:18-bk-02961-RNO    Doc 26    Filed 09/26/18    Entered 09/27/18 00:49:42    Desc
Imaged Certificate of Notice    Page 5 of 13

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Mr. Cooper | 221 Creekwood Drive Jacobus PA 17407 | |
| BB & T | 221 Creekwood Drive Jacobus PA 17407 | |
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

___ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✔ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

4

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

5

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. **Surrender of Collateral.** *Check one.*

✔ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✔ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

___ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

6

Case 1:18-bk-02961-RNO    Doc 16    Filed 08/21/18    Entered 08/21/18 15:08:26    Desc
Main Document    Page 6 of 11
Case 1:18-bk-02961-RNO    Doc 26    Filed 09/26/18    Entered 09/27/18 00:49:42    Desc
Imaged Certificate of Notice    Page 8 of 13

| The name of the holder of the lien. | | |
|---|---|---|
| A description of the lien. For a judicial lien, include court and docket number. | | |
| A description of the liened property. | | |
| The value of the liened property. | | |
| The sum of senior liens. | | |
| The value of any exemption claimed. | | |
| The amount of the lien. | | |
| The amount of lien avoided. | | |

**3. PRIORITY CLAIMS.**

   A. <u>**Administrative Claims**</u>

      1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

      2. <u>Attorney's fees</u>. Complete only one of the following options:

         a. In addition to the retainer of $ 1,000.00 already paid by the Debtor, the amount of $ 3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

         b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

      3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

         ✓   None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

         ___   The following administrative claims will be paid in full.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| | |
| | |

7

Case 1:18-bk-02961-RNO    Doc 16    Filed 08/21/18    Entered 08/21/18 15:08:26    Desc
Main Document     Page 7 of 11
Case 1:18-bk-02961-RNO    Doc 26    Filed 09/26/18    Entered 09/27/18 00:49:42    Desc
Imaged Certificate of Notice     Page 9 of 13

B. **Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below).** *Check one of the following two lines.*

___ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

✓ Allowed unsecured claims, including domestic support obligations, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| York Adams Tax Bureau | 5,276.00 |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

   ✓ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   ___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other,

8

unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

   B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

   ✔ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

   ___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ✔ plan confirmation.
   ___ entry of discharge.
   ___ closing of case.

9

7. **DISCHARGE: (Check one)**

   (✓) The debtor will seek a discharge pursuant to § 1328(a).
   ( ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____

Level 2: _____

Level 3: _____

Level 4: _____

Level 5: _____

Level 6: _____

Level 7: _____

Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

10

Case 1:18-bk-02961-RNO    Doc 16    Filed 08/21/18    Entered 08/21/18 15:08:26    Desc
Main Document    Page 10 of 11
Case 1:18-bk-02961-RNO    Doc 26    Filed 09/26/18    Entered 09/27/18 00:49:42    Desc
Imaged Certificate of Notice    Page 12 of 13

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 8/21/18

/s/ Paul G Lutz
Attorney for Debtor

/s/ Patrick J Wolf
Debtor

/s/ Mackenzie L Wolf
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

11